FILED
2017 Oct-06 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES EARL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:17-cv-00719-LSC |
| | ) | |
| ZYNNIA ZOFRA, in her individual | ) | |
| and official capacity, and | ) | |
| BEVERLY WHITE, in her individual | ) | |
| and official capacity. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION AND ORDER

Before the Court is Plaintiff, James Earl Thomas' ("Thomas") *pro se* complaint (doc. 1) filed on May 4, 2017, seeking injunctive relief for violations of his civil rights under 42 U.S.C. § 1983. A number of Thomas' claims in his *pro se* complaint are duplicative of claims asserted in his separate *habeas corpus* action filed on May 18, 2017. *See Thomas v. White*, Case 7:17-cv-00817-LSC at 2. For the following reasons, Thomas' *habeas* claims within his Section 1983 complaint are due to be SEVERED and DISMISSED without prejudice and this Court maintains jurisdiction solely over the Section 1983. (Doc. 1.)

Thomas has sought habeas relief on the same grounds in a separation action. The action is still pending. *See Thomas v. White*, 7:17-cv-00817-LSC at 3. Thomas claims he is being held in violation of the 14th Amendment because the Tuscaloosa Circuit Court did not allow him to cross-examine his accuser or present evidence in his defense. He also claims the evidence was insufficient for any rational trier of fact to find guilt beyond a reasonable doubt because "there was no evidence presented." *See id.* at 2-3.

Thomas presented similar claims in his Section 1983 complaint. (Doc. 1.) "I was not given an opportunity to cross-examine my accuser. I was not given an opportunity to present evidence. I am being held in violation of the 14th Amendment to the United States Constitution." (Doc. 1 at 5; *see also* Doc. 1 at 7.) The Section 1983 civil rights complaint is not the proper action in which to assert *habeas corpus* claims. To the extent that claims within Thomas' complaint (doc. 1) challenge the fact or duration of his confinement, they must be construed as *habeas corpus* claims under 28 U.S.C. § 2254. *See* Doc. 1 at 6 ("delaying my time of getting out of being [sic] release"); *See also Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979[1]) ("any challenge to the fact or duration of a prisoner's confinement

---

[1] Decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981 are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). *See also Slater v. U.S. Steel Corp.* No. 12-15548 n.5 (11th Cir. 2017).

is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983")).

Accordingly, Thomas' claims seeking habeas corpus relief are hereby **SEVERED** and **DISMISSED** without prejudice and only his Section 1983 claims retained in this action.

**DONE** and **ORDERED** on October 6, 2017.

L. Scott Coogler
United States District Judge

190685